# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMEL BARNES,

      Plaintiff,

  v.                                                        Case No. 11-C-0435

ROM ISAVIGAN,

      Defendant.

## DECISION AND ORDER

Plaintiff filed this case on May 5, 2011. Pursuant to Fed. R. Civ. P. 4(m), plaintiff had 120 days from filing within which to complete service of the summons and complaint upon the defendant. On February 13, 2012, I noticed that plaintiff had not filed proof of service on the defendant, and I warned him that unless proof of service was filed within 21 days I would dismiss the case without prejudice. Plaintiff has not filed proof of service. Instead, he has indicated that he did not even begin to attempt to serve the defendants until after I issued my warning about dismissing this case without prejudice unless proof of service was filed. By that time, however, the 120 days for completing service provided by Rule 4(m) had already expired, and I did not extend the time for completing service of process.

On March 9, 2010, I issued an order directing the plaintiff to show cause why this case should not be dismissed without prejudice for failing to complete service within 120 days. In his response to that order, plaintiff does not provide any reason for failing to complete service within 120 days. Nor does he ask that I extend the time for completing

service or provide any reason why I should grant him an extension.[1] Although plaintiff notes that he recently filed a motion to amend the complaint to reflect the correct identities of the defendants, this does not explain why plaintiff did not make any effort to serve the defendants <u>before</u> the 120 days provided by Rule 4(m) expired. Therefore, I conclude that this case should be dismissed without prejudice for failure to complete service within the prescribed time.[2]

**THEREFORE IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to complete service.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin this 14th day of March 2012.

s/_____
LYNN ADELMAN
District Judge

---

[1] In his response, plaintiff states that the court "recently ordered [plaintiff] to initiate service on the defendants." That statement is inaccurate. I did not order plaintiff to "initiate service" on the defendants; I ordered him to prove that he had already completed service on the defendant.

[2] It appears that a dismissal without prejudice will not prevent plaintiff from filing a fresh lawsuit, should he choose to do so. He complains about a civil-rights violation that occurred in February 2009, and the statute of limitations governing § 1983 claims in Wisconsin is six years. See <u>Malone v. Corrections Corp. of Am.</u>, 553 F.3d 540, 541 (7th Cir. 2009).